UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WORLDWIDE DOOR COMPONENTS, INC., 101 PALMETTO LLC,

Plaintiffs,

v.

Case No. 2:26-cv-2135-KCD-NPM

ZURICH AMERICAN INSURANCE COMPANY,

Defendant.

______________________________/

**ORDER**

Plaintiffs Worldwide Door Components, Inc. and 101 Palmetto LLC sue their insurer, Zurich American Insurance Company, for statutory bad faith in handling their hurricane claim. When the parties disagreed about the valuation of the loss, they went to appraisal, and the resulting award was nearly 22 times greater than Zurich's estimate. Plaintiffs allege that the appraisal award shows there was no justification for Zurich to refuse to adjust the claim or withhold payment. According to the complaint, Zurich engaged in bad-faith practices under Fla. Stat § 626.9541.

Zurich now moves to dismiss the complaint, arguing that because the appraisal is not a final determination of liability and damages as required under Fla. Stat. § 624.155, the bad-faith claim is premature. (Doc. 14.) Zurich

also argues that the complaint fails to plausibly allege a bad-faith claim or damages. The Court disagrees on both issues. Thus, the motion is **DENIED**.

## I. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023).[1] "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The question at this stage is not whether the plaintiff will ultimately win, but simply whether the complaint can proceed into discovery.

At this starting gate, we must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). That benefit of the doubt, however, has limits. The court is not bound to accept legal conclusions dressed up as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Put simply, the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

plaintiff must tell a factual story that makes the defendant's liability plausible, not just point a finger and recite the law.

"We use a two-step process to determine whether a claim survives Rule 12(b)(6) scrutiny." *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1346-47 (11th Cir. 2025). "At the outset, we determine what must be pled for each cause of action. . . . Then, we consider the well-pleaded factual allegations . . . to determine whether they plausibly suggest an entitlement to relief." *Id.*

## II. Discussion

### A. Adverse Adjudication

Zurich first claims that the appraisal award is not an adverse adjudication under Fla. Stat. § 624.1551, thereby barring Plaintiffs' bad-faith lawsuit. Section 624.1551 provides:

> **Civil remedy actions against property insurers**.—Notwithstanding any provision of s. 624.155 to the contrary, in any claim for extracontractual damages under s. 624.155(1)(b), no action shall lie until a named or omnibus insured or a named beneficiary has established through an adverse adjudication by a court of law that the property insurer breached the insurance contract and a final judgment or decree has been rendered against the insurer. Acceptance of an offer of judgment under s. 768.79 *or the payment of an appraisal award does not constitute an adverse adjudication under this section*. The difference between an insurer's appraiser's final estimate and the appraisal award may be evidence of bad faith under s. 624.155(1)(b), but is not deemed an adverse adjudication under this section and does not, on its own, give rise to a cause of action.

Fla. Stat. § 624.1551 (emphasis added). This provision, by its plain language, only applies to bad faith claims asserted under paragraph § 624.155**(1)(b)**. By using this specific language, the legislature chose to leave bad faith claims under subsection (1)(a) untouched by the adverse adjudication requirement.

The complaint here does not seek relief under § 624.155(1)(b). It specifically alleges violations of § 624.155(1)(a) and § 626.9541. (Doc. 5 ¶ 4.) Under Fla. Stat. § 624.155(1)(a), an insured can sue its insurer if it "is damaged" by the insurer's violation of one of several enumerated provisions found elsewhere in the insurance code. Because Plaintiffs elected to bring claims under § 624.155(1)(a), and the plain language of § 624.1551 does not require a prior adjudication before bringing allegations under that paragraph, the motion to dismiss is denied.

This approach has support. In cases that present prior adjudication issues, courts distinguish between bad faith claims brought under § 624.155(1)(b) and § 624.155(1)(a), dismissing the claims under the former and keeping the latter. *See Eden Owners Ass'n Inc. v. QBE Specialty Ins. Co.*, No. 5:25-CV-328-AW-MJF, 2026 WL 498348 (N.D. Fla. Feb. 23, 2026); *In re Portofino Condo. Hurricane Sally Bad Faith Litig.*, No. 3:25CV52-TKW-HTC, 2025 WL 1927500 (N.D. Fla. July 14, 2025). Plaintiffs also submitted a handful of Florida state trial court orders that have reached the same conclusion. (*See* Doc. 15-1.)

The cases Zurich cites do not compel a different result. In fact, Zurich does not discuss this statutory distinction at all. (*See* Doc. 14 at 9-10.)

**B. Pleading Sufficiency**

Zurich next argues that the complaint fails to plausibly allege a claim for bad faith or resulting damages. (Doc. 14 at 10-11.) Zurich says that Plaintiffs parrot § 626.9541's language without reference to supporting facts. (*Id.* at 13-15.)

The Court disagrees. True, the complaint lists the alleged violations of § 626.9541 rather conclusory. But elsewhere in the complaint and the Civil Remedy Notices ("CRN"), which are attached to and incorporated into the complaint, Plaintiffs provide factual allegations in support of their contention that Zurich failed to attempt in good faith to settle their claims when, under all the circumstances, it should have done so. (*See* Doc. 5 at 2-8, 263-84.) Filing a CRN is a condition precedent to bringing an action under Fla. Stat. § 624.155. The purpose of the CRN is to give "the department and the authorized insurer ... 60 days' written notice of the violation." Fla. Stat. § 624.155(3)(a). The statute requires that the CRN "state with specificity ... [t]he facts and circumstances giving rise to the violation." Fla. Stat. § 624.155(3)(b).

The Florida Department of Financial Services' acceptance of a CRN, as here, serves as evidence that the CRN is sufficiently specific to provide the

insurer with notice of the violation and to start the 60-day clock. *See Tropical Paradise Resorts, LLC v. Clarendon Am. Ins. Co.*, No. 08-60254-CIV, 2008 WL 3889577, at *4 (S.D. Fla. Aug. 20, 2008); *Porcelli v. OneBeacon Ins. Co.*, 635 F. Supp. 2d 1312, 1318 (M.D. Fla. 2008). Because DFS accepted Plaintiffs' CRNs, the Court finds that they, along with the complaint's allegations, provide a factual basis for the claims against Zurich sufficient to survive the motion to dismiss.

As for damages, Fla. Stat. § 624.155(11) defines recoverable damages in "bad faith" actions as "those damages which are a reasonably foreseeable result of a specified violation of this section by the authorized insurer[.]" The complaint says: "Plaintiffs have suffered damages including, but not limited to: appraiser costs, umpire costs, engineering costs, contractor costs, loss of use of money, attorney fees, prejudgment interest on [those] amounts, and other consequential damages[.]" (Doc. 5.) Zurich does not argue that these categories of damages are unavailable in a bad-faith insurance case such as this. The Court thus finds that Plaintiffs have sufficiently pled their damages.

## III. Conclusion

Plaintiffs' statutory bad-faith claims don't require a prior adjudication to move forward, and the complaint is sufficiently pled. Thus, the motion to

dismiss (Doc. 14) is **DENIED**. Zurich must answer the complaint within 14 days.

**ORDERED** in Fort Myers, Florida on October 8, 2026.

Kyle C. Dudek
United States District Judge